Michelle HUANG, as next of friend
of Raymond YU, a minor,
Plaintiff–Appellant,

v.

John A. JOHNSON, Commissioner for
the Office of Children and Family
Services, formerly known as the Divi-
sion for Youth, Thomas McGregor,
Ray Anderson, Matthew Barbour, and
Ivan Johnson, Defendants–Appellees.

No. 99–9226.

United States Court of Appeals,
Second Circuit.

Argued May 2, 2000.

Decided Dec. 18, 2001.

Lawrence Katz, New York, NY, for
Plaintiff–Appellant.

Lee Alan Adlerstein, Assistant Attorney
General (Eliot Spitzer, Attorney General
of the State of New York, Robert A. Forte,
Deputy Solicitor General, and Michael S.
Belohlavek, Assistant Solicitor General, of
counsel), New York, NY, for Defendants–
Appellees.

Before FEINBERG, WINTER, and
CABRANES, Circuit Judges.

PER CURIAM.

Michelle Huang appeals from Judge Ca-
sey's grant of summary judgment dismiss-
ing the lawsuit brought on behalf of her
minor son, Raymond Yu. In a previous
decision, we affirmed the district court in
part but reversed its holding that Huang's
claims are barred by the Eleventh Amend-
ment. *See Huang v. Johnson*, 251 F.3d
65, 76 (2d Cir.2001). Familiarity with that
decision is assumed. However, we were
unable to ascertain whether the district
court correctly determined an underlying
question of state law on which there was
no controlling precedent—specifically,
whether appellees properly refused to
credit Yu's sentence with the Office of
Children and Family Services ("OCFS")
for the time served on a separate and
unrelated state felony charge at Riker's
Island. *See id.* at 75–76. Accordingly, we

certified that question to the New York Court of Appeals and reserved our conclusion pending the answer. *See id.* at 76–77.

The New York Court of Appeals has resolved that the OCFS did accurately calculate Yu's sentence, excluding his time served in incarceration for his other offense. *See Huang v. Johnson,* 96 N.Y.2d 599, 734 N.Y.S.2d 553, 760 N.E.2d 341 (2001). Because the appellees did not improperly deny Yu any credit for time served, Huang's 42 U.S.C. § 1983 claim must fail. We therefore affirm.