274 F.3d 682 (2nd Cir. 2001)
 MICHELLE HUANG, as next of friend of Raymond Yu, a minor, Plaintiff-Appellant,
v.
JOHN A. JOHNSON, Commissioner for the Office of Children and Family Services, formerly known as the Division for Youth, THOMAS McGREGOR, RAY ANDERSON, MATTHEW BARBOUR, and IVAN JOHNSON, Defendants-Appellees.
 No. 99-9226
 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
 Argued: May 2, 2000
Decided: December 18, 2001
 
 LAWRENCE KATZ, New York, New York, for Plaintiff-Appellant.
 LEE ALAN ADLERSTEIN, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York, Robert A. Forte, Deputy Solicitor General, and Michael S. Belohlavek, Assistant Solicitor General, of counsel), New York, New York, for Defendants-Appellees.
 Before: FEINBERG, WINTER, and CABRANES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michelle Huang appeals from Judge Casey's grant of summary judgment dismissing the lawsuit brought on behalf of her minor son, Raymond Yu. In a previous decision, we affirmed the district court in part but reversed its holding that Huang's claims are barred by the Eleventh Amendment. See Huang v. Johnson, 251 F.3d 65, 76 (2d Cir. 2001). Familiarity with that decision is assumed. However, we were unable to ascertain whether the district court correctly determined an underlying question of state law on which there was no controlling precedent -- specifically, whether appellees properly refused to credit Yu's sentence with the Office of Children and Family Services ("OCFS") for the time served on a separate and unrelated state felony charge at Riker's Island. See id. at 75-76. Accordingly, we certified that question to the New York Court of Appeals and reserved our conclusion pending the answer. See id. at 76-77.
 
 
 2
 The New York Court of Appeals has resolved that the OCFS did accurately calculate Yu's sentence, excluding his time served in incarceration for his other offense. See Huang v. Johnson, 96 N.Y.2d 599, ___ N.Y.S.2d ___, ___ N.E.2d ___ (2001). Because the appellees did not improperly deny Yu any credit for time served, Huang's 42 U.S.C. 1983 claim must fail. We therefore affirm.